**Douglas BRAUN, Plaintiff–Appellant,**

v.

**PLASTOMER CORPORATION, Defendant–Appellee.**

**No. 00–1435.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before JONES, BATCHELDER, and CLAY, Circuit Judges.

### ORDER

This pro se Michigan litigant appeals a district court judgment awarding summary judgment in favor of the defendant in an action filed under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, and after receiving a right-to-sue letter, Douglas Braun sued Plastomer Corporation claiming that he was discharged because of his disability (bipolar disorder) and/or in retaliation for having taken a medical leave of absence. After hearing arguments from counsel, the district court granted Plastomer's motion for summary judgment. Thereafter, Braun moved the district court to reconsider its order and moved for the appointment of counsel. The district court denied Braun's motions in a written opinion in which the court held that Braun could not establish a genuine issue of material fact with regard to whether he was disabled within the meaning of the ADA, and whether he was discharged because of his disability.

In his timely appeal, Braun essentially reasserts the claim that he set forth in the district court. Braun also moves the court for the appointment of counsel and moves the court to take judicial notice that he and his minor daughter receive social security payments.

This court reviews a district court's grant of summary judgment de novo. *See Monette v. Electronic Data Systems Corp.,* 90 F.3d 1173, 1176 (6th Cir.1996). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). A fact is material if its resolution will affect the outcome of the lawsuit. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial, summary judgment should be granted. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987).

Upon review, we conclude that the district court properly granted summary judgment in favor of Plastomer Corporation. Accordingly, we hereby deny Braun's motions and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order denying plaintiff's motion for reconsideration of April 20, 2000.